```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

BARBARA GINN                             CIVIL ACTION

VERSUS                                   NO. 08-3856

THE FOLGER COFFEE COMPANY and            SECTION: "B"(3)
THE PROCTOR & GAMBLE COMPANY
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 8). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED.**

Pursuant to 28 U.S.C. §1332, a corporation is a citizen of its state of incorporation and where it has its principal place of business. While a corporation may have a substantial physical presence and operate its business in many different states, "every corporation has one and only one principal place of business" for diversity purposes. *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987).

It is undisputed that Folger is incorporated in Deleware. Despite the Plaintiff's contentions, Folger's principal place of business is not Louisiana. While Folger has a large production facility in New Orleans East, it has listed on the Louisiana Secretary of State's Corporations Database as its domicile address and principal office an

1

address in Cincinnati, Ohio. This Circuit applies the "total activity" test to determine a corporation's principal place of business. The "total activity" test requires this Court consider the "nerve center" test and the "place of activity" test to determine a corporation's principal place of business. A corporation's "nerve center" is the location where the corporation's business is directed and controlled and the "place of activity" test is the center of its production or service activities. *Id.*

Folger's production operations are not concentrated in Louisiana; it also has large physical production plants in Texas and Missouri. Moreover, all executive and policy decisions are made in Ohio. Folger's coffee is marketed and distributed throughout the United States through P&G Distribution, also located in Ohio. Thus, it would be difficult to pin down one single "place of activity" as being principal. Since Folger's production is not centered in one particular place, but is indeed "far flung", the "nerve center" test is especially useful in determining the principal place of business.

When a corporation's operations are conducted in several different places or are "far flung," the "nerve center test" is the paramount consideration in determining

2

its principal place of business.[1] In *Olson*, the Fifth Circuit opined, "[w]e must consider the number of locations where the corporation carries on its activities; obviously, the place of operations of a corporation that carries on a single activity is more significant than one of the many places of operation of a corporation with diffuse activities." *Olson*, 818 F.2d at 407.

Folger is a wholly owned subsidiary of P&G, which has been based in Ohio for over 100 years. Although Folger does business in Louisiana, Louisiana is not the sole location of its physical business operations nor is it the "nerve center" for any executive, managerial or policy decisions affecting the business. Additionally, Folger has submitted an affidavit by David Schultz, who affirms that Folger's executive offices, sales and marketing, research and development facilities and other important components of the business are located in Ohio.

Plaintiff relies on the Fifth Circuit's decision in *Grinter v. Petroleum Operation Support Service, Inc.*, 846

---

[1] *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 411 (5th Cir. 1987)("Three general principals guide the inquiry:
  (1)   when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining principal place of business;
  (2)   when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant; but
  (3) when the activity of a corporation is passive and the "brain" of the corporation is in another state, the situs of the corporation's brain is given greater significance.")

3

F.2d 1006 (5th Cir. 1988) to support her position that under the "place of activities" test, Folger has its principal place of business in Louisiana. However in that case, the overwhelming majority of POSSI's operations were conducted in Louisiana and the majority of the company's employees lived and worked in Louisiana. Such is not the case for Folger. While Hurricane Katrina temporarily halted production of Folger products, this event alone does not make Louisiana the operational hub of Folger. Folger has production facilities in three states. Folger has substantial roasting and production facilities in Texas and Missouri. Not one these constitute an overwhelming majority. Thus, the "nerve center" test provides the proper determination for Folger's principal place of business—Ohio.

Applying the Fifth Circuit's "total activity" test, Folger is a citizen of Ohio and complete diversity exists between Ms. Ginn of Louisiana and Folger of Ohio. Therefore, remand is not appropriate in the present context.

New Orleans, Louisiana this 3rd day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE